UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PREMIER LAND DEVELOPMENT
COMPANY, LLC
                                                                                Plaintiff

v.                                                                              Civil Action No. 3:20-cv-149-RGJ

BEDROCK CONTRACTING, INC.                                                       Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Bedrock Contracting, Inc. ("Bedrock") moves for summary judgment on its counterclaim against Plaintiff Premier Land Development Company, LLC ("Premier"). [DE 53]. Briefing is complete and the matter is ripe. [DE 55; DE 56]. For the reasons below, Bedrock's Motion for Summary Judgment [DE 53] is **GRANTED**.

I.      BACKGROUND

In February 2020, Premier sued Bedrock in this Court. [DE 1]. In April 2020, Premier filed an amended complaint, asserting three counts of breach of contract against Bedrock. [DE 9]. Bedrock answered and cross-claimed[1] against Premier. [DE 12]. Bedrock moved for partial summary judgment on Premier's three oral breach of contract claims against it. [DE 29]. On September 7, 2021, the Court granted Bedrock's motion for summary judgment on Premier's breach of oral contract claims and the Court dismissed Premier's amended complaint with prejudice. [DE 51]. Bedrock now moves for summary judgment on its counterclaim, which seeks attorney's fees and costs under a provision of the bid that constitutes the parties' contract.

The facts of the case were set forth in the Court's ruling on Bedrock's earlier motion for summary judgment [DE 51] and are incorporated here.

---

[1] This cross-claim was misnamed and is a counterclaim. The Court will refer to it as a counterclaim.

## II.     STANDARD

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party must produce specific facts showing a material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion." *Bell v. City of E. Cleveland*, 125 F.3d 855 (6th Cir. 1997) (citing *Liberty Lobby*, 477 U.S. at 252).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations but must view the evidence and draw all reasonable inferences in a light most favorable to the non-moving party. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). The non-moving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must show a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. Pro. 56(c)(1)(A)–(B); *see also Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 132 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Liberty Lobby*, 477 U.S. at 252.

### III. DISCUSSION

As part of the Court's previous ruling granting Bedrock's motion for summary judgment, the Court rejected Premier's arguments that oral contracts were formed at various points in the parties' dealings and held that Bedrock's revised quote ("Second Quote") to Premier, although unsigned by the parties, constituted the only valid and enforceable contract between the parties. [DE 51 at 278]. The Second Quote provides in relevant part:

> 2. Should either party employ an attorney to institute suit to enforce any of the provisions hereof, to protect its interest in any matter arising under this contract, or to collect damages for the breach of this contract, the prevailing party shall be entitled to recover damages for the breach of this contract, the prevailing party shall be entitled to recover reasonable attorney's fees, costs, charges and expenses incurred or expended therein.

[DE 29-2 at 158-59]. Bedrock now argues that it is a prevailing party under the above provision given the Court's ruling [DE 51] and that it is entitled to an award of its reasonable attorney's fees, costs, charges and expenses incurred in this action. [DE 53].

Under Kentucky law, an award of attorneys' fees as damages is only permitted where provided by statute or contract. *Bell v. Com., Cabinet for Health and Fam. Services, Dept. for Community Based Services*, 423 S.W.3d 742, 748. Here, attorney's fees are provided for by contract under the above provision. Although the term "prevailing party" is in the contract it is not defined. Kentucky courts have cited Black's law dictionary's definition of a prevailing party as "[a] party in whose favor a judgment is rendered . . . Also termed successful party," and "in construing a federal statute governing the awarding of attorney's fees to a prevailing party . . . held that a prevailing party is one who 'prevailed on a significant issue involved in the litigation.'" *Lamb v. Dobson Cellular Sys., Inc.*, No. 2005-CA-001219-MR, 2006 WL 1360859, at *4 (Ky. Ct. App. May 19, 2006) citing *Walters v. Moore*, 121 S.W.3d 210, 215 (Ky. App. 2003).

There is no question that Bedrock is the prevailing party. First, Bedrock had to engage counsel "to protect its interest [in this] matter arising under this contract"; specifically, it had to hire counsel to defend it against the claims brought by Premier. Bedrock attached the affidavit of Brian Lewis, which supports that Bedrock had to retain counsel protect its interests, initially retained counsel to respond to Premier's demand, and, eventually to defend it in this lawsuit. [DE 53-1, Lewis Aff.]. Second, the Court granted summary judgment in its favor dismissing Premier's claims against it with prejudice. [DE 51]. Thus, Bedrock is entitled to "recover reasonable attorney's fees, costs, charges and expenses incurred or expended . . ." under the Second Quote.

Having determined Bedrock is entitled to recover its attorney's fees, costs, charges, and expenses incurred in protecting its interest in this case, the Court considers whether the request is reasonable. Bedrock seeks $23,095.00 for its attorney's fees and expenses through December 8, 2021. [DE 53]. "State rules governing attorney fee awards are generally considered to be substantive law and therefore apply in federal court diversity actions under the *Erie* doctrine." *Auto. Support Grp., LLC v. Hightower,* 503 F. App'x 411, 421 n.5 (6th Cir. 2012) citing *Acwoo Intern. Steel Corp. v. Toko Kaiun Kaish, Ltd.*, 840 F.2d 1284, 1291 (6th Cir.1988). Under Kentucky law the award of attorney fees is within the sound discretion of the trial court *Cadillac Olds., Inc. v. Roberts*, 813 S.W.2d 287, 293 (1991). Further, the party seeking the award must "demonstrate that the amount sought is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred." *A & A Mechanical, Inc. v. Thermal Equip. Sales, Inc.*, 998 S.W.2d 505, 514 (Ky. App. 1999).

Bedrock's counsel submitted affidavits and other documents establishing the attorney's fees and expenses incurred by Bedrock, including expenses to retain an expert to defend Bedrock from Premier's claims and an expert to examine the reasonableness of Bedrock's attorney's fees.

[DE 53-1 at 297-308]. The attorney's fees are $19,560 [DE 53-3 at 307], and the costs are $3,535 [DE 53-1 at 295]. Premier fails to substantively challenge this proof. The Court has reviewed this evidence, as well as the docket, claims, the parties' submissions, results of the case, and taken into account the Court's own knowledge and experience, and finds that Bedrock's attorney's fees and other expenses are reasonable.

Premier objects to Bedrock's motion for summary judgment on its counterclaim, arguing, (1) that the Second Quote, in particular the provision on attorney's fees, is not valid and enforceable against Premier, and (2) and alternatively, that the attorney's fees provision cannot be interpreted to apply to this situation because Premier has not breached the contract. [DE 55].

First, Premier states that "the written quote did not form the basis of a written contact in that it was unsigned, and Premier showed no assent to any attorney fee provision." [DE 55 at 317]. Premier offers nothing else in support of this statement. As set forth in the Court's previous order [DE 52 at 277], "[i]n the absence of a statute requiring a signature or an agreement that the contract shall not be binding until it is signed, parties may become bound by the terms of a contract, even though they do not sign it, where their assent is otherwise indicated." *Energy Home, Div. of S. Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 837 (Ky. 2013) (internal quotation marks and citation omitted). "[A] promise in a contract may be inferred wholly or partly from such conduct as justifies the promisee in understanding that the promisor intended to make a promise. To constitute such a contract there must, of course, be a mutual assent by the parties—a meeting of minds—and also an intentional manifestation of such assent." *Kellum v. Browning's Adm'r*, 231 Ky. 308, 21 S.W.2d 459, 463 (1929). "Such manifestation may consist wholly or partly of acts, other than written or spoken words." *Id.* Indeed, "[w]ords are not the only medium of expression. Conduct may often convey as clearly as words a promise or an assent to a proposed promise, and

5

where no particular requirement of form is made by the law a condition of the validity or enforceability of a contract, there is no distinction in the effect of a promise whether it is expressed (1) in writing, (2) orally, (3) in acts, or (4) partly in one of these ways and partly in others." *Id.* "[I]f the proven facts and circumstances are such as to fairly show that both the party rendering the services or furnishing the necessities and the one receiving them expected, understood and intended compensation should be paid, the court or the jury trying the case will be authorized to find an express contract for payment was entered into." *Victor's Executor v. Monson*, 283 S.W.2d 175, 176-77 (Ky. App. 1955).

As stated before [DE 51 at 278], although neither party signed the Second Quote the Court held the contract enforceable because the parties' conduct evidenced mutual assent to be bound. [DE 51 at 278]. The parties' mutual assent to be bound by it is evidenced by Bedrock promising to perform blasting work, consistent with the terms in the Second Quote, Premier hiring Bedrock to do it and paying Bedrock according to the second quote. *Id.* For the same reasons cited in the Court's previous order [DE 51], Bedrock has shown the lack of a genuine issue of material fact about whether the parties' conduct demonstrated mutual assent to be bound by the Second Quote. And Premier fails to develop its argument or point to any to produce specific facts showing a material issue of fact that the parties' conduct did not evidence mutual assent to be bound by the Second Quote. *Anderson*, 477 U.S. at 247–48. Premier must show a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. Pro. 56(c)(1)(A)–(B). In its response, Premier does not cite to any "particular parts of materials in the record" to rebut the Court's previous ruling on the Second Quote. Premier has not presented convincing reasons for the Court to change its previous ruling and it is affirmed here.

Second, the contract provision at issue is not ambiguous and under its plain language, Bedrock is entitled to its attorney's fees and costs. And as noted above, in the Second Quote, the parties agreed that

> 2. Should either party employ an attorney to institute suit to enforce any of the provisions hereof, to protect its interest in any matter arising under this contract, or to collect damages for the breach of this contract, the prevailing party shall be entitled to recover damages for the breach of this contract, the prevailing party shall be entitled to recover reasonable attorney's fees, costs, charges and expenses incurred or expended therein.

[DE 29-2 at 158-59]. Premier argues that the provisions is "one long sentence . . . [i]t appears to imply that the language of the agreement is based on the idea that the prevailing party shall be entitled to recover damages for breach of the contract of which would be included attorney fees. Bedrock does not argue that Premier breached the quote," and that Bedrock can only recover attorney's fees if it proved that Premier breached the contract. [DE 55 at 318-19]. The Court disagrees. The provision at issue starts with the statement that "Should either party employ an attorney," to do one of three things as indicated by the use of disjunctive "or": (1) institute suit to enforce any of the provisions, (2) to protect its interest in any matter arising under this contract, or (3) to collect damages for the breach of this contract. Thus, first the party at issue must employee an attorney to do one of the three enumerated tasks, which Bedrock did. Then the provisions goes on to state "the prevailing party, shall be entitled to recover damages for breach of this contract, the prevailing party shall be entitled to recover reasonable attorney's fees, costs, charges, and expenses incurred or expended by them." Thus, while damages for breach of the contract are damages allowed under this provision, they are not required. There is a comma between these two phrases and both begin with "the prevailing party," and the only reasonable reading is that both phrases separated by a comma provide the damages available to a "prevailing party." To require

7

the prevailing party to prove a breach of the contract as suggested by Premier would be contrary to a plain reading of the provision.

## IV. CONCLUSION

Having considered the parties filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

(1) Bedrocks' Motion for Summary Judgment, [DE 53], is **GRANTED**.

(2) Bedrock is awarded judgment against Premier in the amount of $23,095.

(3) The Court will enter separate judgment.

Rebecca Grady Jennings, District Judge
United States District Court

June 10, 2022

cc: counsel of record